**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA GAINESVILLE DIVISION**

**ASHLEY JENKINS,**

**Plaintiff,**

**vs.** **Case No. 1:26cv198-AW-MAF**

**DEVIN S. GEORGE,**
**and KEVIN KARNES,**

**Defendants.**

**________________________________/**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case on July 2, 2026. Plaintiff's complaint was reviewed and determined to be an impermissible shotgun pleading. ECF No. 4. Plaintiff was required to file an amended complaint by October 2, 2026. *Id.* Plaintiff has not yet filed an amended complaint.

Despite this failure to file the required amended complaint, Plaintiff has filed an emergency motion for preliminary injunction and temporary restraining order. ECF No. 15. Plaintiff seeks an injunction against Defendant Karnes, in his official capacity as Clerk of the Courts, to prevent enforcement

of a State court order which restricts Plaintiff from commencing a new *pro se* action without first obtaining leave of court. *Id.* at 1-2, 8-9. The motion should be denied.

**Background Information**

Plaintiff's motion concerns an order entered in a state court action in the Twentieth Judicial Circuit in and for Lee County, Florida. ECF No. 15 at 2-4. Plaintiff contends that the state court lost jurisdiction over that case after an order dismissing the action with prejudice was entered on May 28, 2026. *Id.* at 2-3. Plaintiff contends that the proceedings nevertheless continued in the state court after that dismissal. *Id.*

On September 24, 2026, the state court entered an order granting a motion to declare Plaintiff a vexatious litigant. ECF No. 15-15. The state court rejected Plaintiff's argument that it lacked jurisdiction and declared Plaintiff a vexatious litigant pursuant to Florida law and the court's inherent authority. *Id.* at 1-2. The order prohibits Plaintiff from commencing, *pro se*, any new action in the Twentieth Judicial Circuit without first obtaining leave of court and, if appropriate, posting security. *Id.* at 2. The order also directs the Lee County Clerk of Courts not to file a new *pro se* action by Plaintiff unless she first obtains an order permitting the filing and, if appropriate, posts security.

*Id.* Finally, the Clerk is directed to provide the Florida Supreme Court with a copy of all pre-filing orders entered by the state court. *Id.*

Plaintiff seeks to enjoin Defendant Karnes from enforcing these provisions of the September 24, 2026, order and from transmitting pre-filing orders to the Florida Supreme Court. ECF No. 15 at 8-9.

**Analysis**

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). As Plaintiff acknowledges, *see* ECF No. 15 at 5, preliminary injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson-Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and

drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Plaintiff's motion is insufficient because she has not shown a substantial likelihood of success. Plaintiff's initial complaint was determined to be an impermissible shotgun pleading, and Plaintiff was required to file an amended complaint ECF No. 4. Plaintiff has not yet done so. Thus, without a viable complaint having been filed, Plaintiff does not have a substantial likelihood of success.

Moreover, Plaintiff has not yet demonstrated injury, let alone an irreparable injury. The State court order does not prohibit Plaintiff from pursuing litigation. Rather, Plaintiff is prohibited from commencing a new *pro se* action without first obtaining leave of court and, if appropriate, posting security. ECF No. 15-15 at 2. Plaintiff has not identified a new action which she seeks to commence but was denied permission to do so. Plaintiff also has not shown that she could not seek representation by counsel to pursue litigation in good faith.

For all the foregoing reasons, Plaintiff has not demonstrated entitlement to a preliminary injunction or restraining order. Her motion should be denied.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's emergency motion for temporary restraining order and preliminary injunction, ECF No. 15, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on October 1, 2026.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**